DANIEL GIRDNER v. THE STATE.

·COST. *Sheriff's fees.* Code, sec. 4564, sub-sec. 11, allowing sheriffs for special venire by order of court, each juror, 15 cents, does not apply to panels of jurors mede up for the trial of felonies.

FROM GREENE.

Motion.

The attorney-general refused ·to allow sheriff's fees for summoning venire, and submitted the question to the court.

McFARLAND, J., delivered the opinion of the court.

A bill of costs has been taxed in this case for payment by the State, which contains two items in favor of the sheriff, to-wit:—On the first trial for summoning 36 jurors, and on the last trial summoning 41 jurors, at 15 cents each,—it being a felony, in which the defendant was entitled to a panel of the number indicated.

Sec. 4564 of the Code defines the fees of sheriffs. Sub-sec. 10 is in these words: "For summoning and impaneling jury, in each case in which a jury is sworn, 15 cents." Sub-sec. 11 is as follows: "Fòr special venire by order of court, each juror, 15 cents."

Construing these sections in the case of *Smith* v. *The State,* 6 Baxt., 537, this court held that sub-sec.

10 was intended to compensate the sheriff for summoning the regular jury under the venire from the county court. There being no provision allowing the sheriff any fees for this service, sub-sec. 10, allowing the 15 cents for summoning and impaneling a jury in each case where a jury is sworn, was intended to compensate him for the entire service. But that sub-sec. 11, allowing 15 cents for each juror summoned under a special venire by order of the court, entitles the sheriff to 15 cents for each person summoned under the order of the court to try a felony. That the ordering of a panel of jurors for the trial of a felony is a "special venire by order of court" in the sense of the above statute.

The question proves to be one of great importance. It has not only greatly increased the costs in criminal cases since occurring, but we are informed by the attorney-general that large claims are being made by sheriffs against the State treasury in old cases in which the fees were not at the time claimed, running back a number of years. We are therefore asked to reconsider the question.

The above sub-sections of the Code are substantial re-enactments of the act of 1825, ch. 56, sec. 3 (changing, however, the amounts of the fees), and the act of 1856, ch. 264, sec. 6. The act of 1825 allows "for summoning and impaneling a jury, in each case where any jury may be sworn, $12\frac{1}{2}$ cents." Next follows a provision for a fee for executing a condemned person, and then the following: "Where a special venire shall issue by order of court, for summoning

each juror, 25 cents." And immediately following this provision: "For attending on the premises on a special *venire facias,* for each day, $2." At the time this act was passed there were various cases in which a special venire might be ordered by the court to be summoned by the sheriff to go upon the premises, as, for instance, in the allotment of dower. A "*jury*" of twelve was to be summoned, afterwards changed to five: See act of 1784, ch. 22; act of 1827. Again, in cases in the circuit court involving the boundary of land, where surveys became necessary, jurors were allowed to be summoned to accompany the surveyors upon the premises, and afterwards to constitute the petit jury for the trial of the cause: See act 1786, ch. 13. Inquests of lunacy were to be held by a special jury: Act of 1797. Also special juries were allowed to go upon the premises to condemn land used for iron works: Act of 1807. And possibly juries of view to lay out road might come under the same head, and there may have been other cases.

It seems to us most probably that the act of 1825, allowing 25 cents for each juror summoned on a special venire by order of the court, was intended to apply to special venires ordered to go upon the premises, for the very next clause allows the sheriff for attending on the premises on a special *venire facias,* $2.

That the clause in question was not intended to allow the fee of 25 cents for each juror placed on the panel to try a felony, or summoned from the bystanders to try any other case, seems, upon a reconsideration of the question, to be manifest for several

reasons.    In addition to the reason given, going to
show that the fee was allowed for summoning a jury
on a special venire to go upon the premises, or other
special venire proper, there are other reasons for hold-
ing that the panel made up for the trial of a felony
under the order of the court, cannot be regarded as
"a special venire" in the sense of the statute.    The
original venire for the regular jury is made out and
issued by the order of the county court.    As we
have seen, the sheriff is allowed no fee for summon-
ing the jurors under this venire, his services in this
and perhaps other respects being compensated by the
county under a general allowance for *ex officio* services.
Out of the jurors thus summoned the grand jury was
to be elected, and the remainder constituted the petit
or traverse jury.    The whole number to be summoned
was twenty-five or thirty-seven as might be deemed
necessary.    If the requisite number summoned failed
to attend, their places were to be supplied by sum-
moning bystanders; this for the purpose of making
up either the grand or petit juries.    Other statutes
provide for a certain number of challenges in various
cases, the larger number being in felonies, and also
provide for the mode of electing a jury.    We find
no provision, however, in which the "panel" of jurors
is designated "a special venire," nor does any special
process issue.    The mode of summoning such as are
not already in attendance is not pointed out, except
by the general provision for summoning bystanders to
make up juries in all cases where necessary.    The
regular petit jury should, when not otherwise engaged,

constitute part of the "panel," and even the grand jury, when not engaged, are required to serve as a petit jury. These jurors are already summoned and in attendance, and the sheriff only summons from the bystanders a number sufficient to make up the deficiency.

It seems to us, therefore, that the "special venire by order of the court" referred to in the act of 1825 and sub-sec. 11 of sec. 4564 of the Code, did not have reference to panels made up for the trial of felonies or other causes in court. It can hardly be supposed that, while the Legislature had allowed nothing for summoning the regular jurors, it intended to allow the sheriff 15 cents for each bystander summoned to fill a vacancy in the regular panel or to make out the additional number required.

Again, sub-sec. 10 allows, "for summoning and impaneling a jury, in each case in which a jury is sworn, 15 cents." This is general; it says in *each* case in which a jury is sworn; it includes the *summoning* as well as *impaneling*. We see no ground to limit this to one class of cases, and to allow this fee and also the fee allowed by sub-sec. 11 for summoning jurors in court, would be manifestly allowing two fees for in part the same service.

An additional reason against the allowance, is that it would in general be so exhorbitant that it can hardly be supposed the Legislature intended it. Most usually the deficiency in the panel is made from the bystanders in a very short time, and for such service the fee is unreasonable; and, in addition to the *ex*

*officio* allowance to sheriffs, they are now allowed a per diem while attending court.

But in addition to what we have said, a very strong reason for the construction to the act we have given, is that, so far as we know or can ascertain, such has been the universal construction given by all the sheriffs, clerks and officers of court up to the decision in *Smith* v. *The State.* Previous to that decision, although the act was passed in 1825, the fees were never allowed, and, as we understand, were never claimed. This, on doubtful questions of construction, ought to have a controlling weight.

To what cases of "special venires" (as the law stood at the adoption of the Code and now) the section can apply, we do not undertake to determine. In many cases where special venires were awarded under old statutes, they are not now allowed. But be all this as it may, we hold that the sub-sec. 11 of sec. 4564 of the Code does not allow the fee claimed, and overrule the case of *Smith* v. *The State,* 6 Baxt., 537.

The items will be stricken out.